UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

AARON CANTLEY,

        Petitioner,                     Case No.  2:10-CV-154

v.                                           HON. GORDON J. QUIST

CATHERINE BAUMAN,

        Respondent.

_____/

**OPINION ADOPTING REPORT AND RECOMMENDATION**

Petitioner, Aaron Cantley, has filed an Objection (docket no. 112) to Magistrate Judge Timothy P. Greeley's Report and Recommendation (R & R) issued April 19, 2013 (docket no. 98). The R & R recommends that this Court deny Cantley's habeas corpus petition and deny Cantley a certificate of appealability.  When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*.  Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Cantley's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court. However, the Court will address two additional objections presented in Cantley's supplements to his petition not explicitly addressed in the R & R.

**I. Cantley's Objections**

Cantley presents his objections in two parts: first, he makes two specific objections (see docket no. 112, Page ID 913–17), and, second, he restates each of his original arguments from his petition.  The second section of Cantley's Objection fails to articulate specific objections to the magistrate judge's analysis.  The Sixth Circuit has held that "a general objection to a magistrate's

report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)); *see also* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections to the proposed findings and recommendations"). The Court will address Cantley's specific objections in the first part of his Objection, but finds Cantley's blanket recitation of his petition arguments in the second part of his Objection insufficient for the Court "to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380.

## A. Supplemental Filings

Cantley's first objection is that the R & R fails to address his supplemental filings to his petition. (Pet'r's Objection, Docket no. 112, Page ID 916.) Cantley is correct that the R & R does not explicitly specify whether it considered Cantley's petition as amended. Cantley filed multiple motions to amend his habeas petition (*see* docket nos. 11, 26, 62, 79, & 94), which the Court granted (*see* docket nos. 15, 67, 77, 86 & 97). The Court has reviewed Cantley's supplemental filings (including docket nos. 12, 26, 27, 58, 62, 70, 73, 79, 87, 88, 91, 94 & 99). The Court interprets these amendments to present two new ineffective assistance of trial counsel claims, which the Court will address here.

### 1. Constructive Denial of Counsel

First, Cantley argues that he was constructively denied effective counsel because his first trial counsel, Charles Desottelle—who represented Cantley prior to trial—failed to fully investigate a defense, talk to witnesses, file necessary motions, or request extensions for the preliminary examination and other proceedings. (Docket no. 26, Page ID 163.)

2

Cantley raises this argument for the first time in his habeas petition. A habeas petitioner is required to present all of his habeas claims to the state courts prior to presenting them in a federal habeas petition. Title 28 U.S.C. Section 2254 states:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
> (B)  (i) there is an absence of available State corrective process; or
>      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). For a petitioner to exhaust his available state-court remedies, the state court must have "had a fair opportunity to consider the . . . claim and to correct that asserted constitutional defect in respondent's conviction." *Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 513 (1971). The petitioner bears the burden of proving that he has exhausted his state remedies before filing a federal habeas petition, or that he satisfies an exception to the exhaustion requirement. *See Darr v. Burford*, 339 U.S. 200, 218–19, 70 S. Ct. 587, 597–98 (1950), *overruled in part on other grounds by Fay v. Noia*, 372 U.S. 391, 435, 83 S. Ct. 822, 847 (1963). "[O]rdinarily, a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 1351 (2004). To exhaust a federal habeas claim, a petitioner must properly raise the claim at each appropriate level of state court, *id.* at 29, 124 S. Ct. at 1349, and raise the claim in a procedurally correct manner that allows for a review of the issue on the merits, including by the state's highest court, *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989).

In this case, Cantley has failed to properly present his constructive denial of counsel claim to the state court. As such, this Court is barred from considering his claim. Moreover, Cantley's

claim is procedurally defaulted to the extent that he has failed to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991).

"[P]rocedural default results where three elements are satisfied: (1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003).

All three elements of procedural default are satisfied with respect to Cantley's constructive denial of counsel claim. First, when Cantley appealed his conviction to the Michigan Court of Appeals, he failed to fairly present a constructive denial of counsel claim. *See People v. Cantley*, No. 260761, 2006 WL 2924663 (Mich. App. Oct. 12, 2009); *see also* Def.-Appellant's Br. on Appeal, Feb. 13, 2006 (Docket no. 49). Cantley also failed to raise constructive denial of counsel in his motion for relief from judgment, pursuant to Michigan Court Rule 6.500. (Def.'s Br. for Delayed Appl. for Leave to Appeal, Docket no. 51.) Second, the Michigan court rule that requires that an issue be properly presented before the reviewing court is well-established and regularly followed. *See, e.g.*, *Mitcham v. City of Detroit*, 355 Mich. 182, 203, 94 N.W.2d 388, 399 (1959); *People v. Waclawski*, 286 Mich. App. 634, 679, 780 N.W.2d 321, 352 (2009); Mich. Ct. Rule 7.212(C)(7) ("As to each issue, the argument must include a statement of the applicable standard or standards of review and supporting authorities. Facts stated must be supported by specific page references to the transcript, the pleadings, or other document or paper filed with the trial court."). Third, procedural forfeiture is an adequate and independent state ground. *See, e.g.*, *Munson v. Kapture*, 384 F.3d 310, 314–15 (6th Cir. 2004).

To overcome procedural default, Cantley must establish "cause" for failure to follow state procedure, and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that this Court's failure to consider Cantley's claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S. Ct. at 2565. Cantley has not established cause, actual prejudice, or a fundamental miscarriage of justice. Cantley has not presented any explanation for his failure to raise his constructive denial of counsel argument prior to filing a federal habeas petition. As such, this Court cannot grant Cantley's habeas petition on the basis of his constructive denial argument.

## 2. Conflict of Interest

Second, Cantley alleges that his second trial counsel, Gene Turnwald, should have been disqualified from representing Cantley due to a conflict of interest. Specifically, Cantley argues that because Turnwald previously worked as an assistant to the prosecuting attorney, Michael Ferency, his representation of Cantley violated Cantley's Sixth Amendment right to counsel. Cantley did not raise this issue before the state courts on direct appeal or in his motion for relief from judgment. Thus, for the same reasons as above, Cantley's new arguments are not exhausted, as required by 28 U.S.C. § 2254(b), and they are procedurally defaulted. Cantley has not offered any explanation for his failure to raise this issue prior to his federal habeas petition.

Even if the Court were to consider the merits of Cantley's argument, it would not grant Cantley's petition. Criminal defendants are entitled to the undivided loyalty of competent counsel. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984); *Cuyler v. Sullivan*, 446 U.S. 335, 346, 100 S. Ct. 1708, 1717 (1980). However, the possibility of a conflict of interest does not necessarily infringe on a defendant's constitutional rights. *See, e.g.*, *Cuyler*, 446 U.S. at 346–47, 100 S. Ct. at 1717. Rather, the defendant must show that an actual conflict of interest existed and

5

the conflict prejudiced counsel's performance.  *Id.* at 348, 100 S. Ct. at 1718.  The Sixth Circuit has stated:

> In order to establish a conflict of interest, a defendant must point to specific instances in the record to suggest an actual conflict or impairment of his interests.  Defendant must demonstrate that the attorney made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other.  If he did not make such a choice, the conflict remained hypothetical.  There is no violation where the conflict is irrelevant or merely hypothetical; there must be an actual significant conflict.

*United States v. Mays*, 77 F.3d 906, 908 (6th Cir. 1996) (quoting *United States v. Hopkins*, 43 F.3d 1116, 1119 (6th Cir. 1995)).

In this case, Cantley's allegations fall short of satisfying Cantley's burden to show an actual conflict or impairment of his interests.  Cantley has not provided the Court with any basis for concluding that his counsel made a choice between two possible courses of action, thus rendering the alleged conflict entirely hypothetical.  There must be an actual, significant conflict.  *Id.* Although not controlling, it is noteworthy that Cantley's counsel would not have been barred by the Michigan Rules of Professional Conduct from representing Cantley based on the facts presented by Cantley.  *See* Mich. R. Prof'l Conduct 1.7(b) (prohibiting an attorney from representing a client if representation of that client may be materially limited by the attorney's responsibilities to another client, a third person, or the attorney's own interests); 1.9 (prohibiting an attorney from representing a client in the same or a substantially related matter in which the client's interests are materially adverse to a former client).  Cantley's bare allegation that his attorney was biased toward the prosecution is insufficient for habeas relief.

### B. Procedural Default Standard

Cantley's second objection is that the magistrate judge applied the incorrect procedural default standard.  (Pet'r's Objection, Docket no. 112, Page ID 916.)  Cantley's argument appears

to be that the magistrate judge only applied the "actual innocence" standard to Cantley's arguments that the R & R concludes were procedurally defaulted. (*Id.* at 916–17.) The Court disagrees. In reviewing Cantley's claims, the magistrate judge applied the correct standard, as articulated by the United States Supreme Court in *House v. Bell*, 547 U.S. 518, 536, 126 S. Ct. 2064, 2076 (2006) ("As a general rule, claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error. . . . The bar is not, however, unqualified . . . the Court has recognized a miscarriage-of-justice exception.") and *Murray v. Carrier*, 477 U.S. 478, 494–96, 106 S. Ct. 2639, 2648–49 (1986) (The habeas petitioner must show not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (internal quotation marks and citations omitted)). (*See* R & R, Docket no. 98, Page ID 724.) The magistrate judge then applied the standard to each of Cantley's remaining claims. (*See id.* at 724–27.) Thus, the Court will overrule Cantley's objection regarding the correct procedural default standard.

## II. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Cantley's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Cantley's claims was debatable or wrong.  Thus, the Court will deny Cantley a certificate of appealability.

Therefore, the Court will adopt the magistrate judge's R & R as the Opinion of the Court.

A separate order will issue.


Dated:  August 14, 2013                               /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE